MARY SMITH, )
)
       Plaintiff, )
)
v. ) NO.: 2:11-CV-356
)
LVNV FUNDING, LLC, *ET AL.*, )
)
       Defendants. )

## MEMORANDUM OPINION AND ORDER

This Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., case is before the Court on Defendant Hosto & Buchan, PLLC's ("Hosto" or "defendant") Motion For Summary Judgment, [Doc. 143]. In its motion, and pursuant to Federal Rule of Civil Procedure 56 and 10(c), Hosto adopts by reference the same arguments advanced in Defendants LVNV Funding, LLC ("LVNV") and Steve Hawkins's ("Hawkins") Motion for Summary Judgment [Doc. 99]. The plaintiff responded, [Doc. 146], and the defendant replied, [Doc. 148]. For the reasons stated below, the defendant's motion is GRANTED.

## I. BACKGROUND

Many of these facts are also set forth in the Court's March 10, 2014 Memorandum Opinion and Order, [Doc. 139].[1] The plaintiff, who has very limited education, admits that she opened a Montgomery Wards department store credit card account in 1996. When Montgomery

---

[1] The Memorandum Opinion and Order states that the plaintiff incurred this debt and defaulted on the debt. The plaintiff did not file a motion to reconsider or object to these statements of fact. Thus, these facts are undisputed. This Court notes that the plaintiff has been careful in the wording in all pleadings to neither admit nor deny the debt and the subsequent default. Nonetheless, the Scheduling Order clearly states that the plaintiff must file a pleading which specifically admits or denies the statements of fact set forth by the defendant. The plaintiff failed to do so in this case. Moreover, deposition testimony that the plaintiff does not remember or does not think she incurred the debt does not amount to sufficient denials to create a genuine issue of fact. Finally, the plaintiff has not denied the GE Capital/Wal-Mart account's event history or the billing statements' authenticity.

Wards stores closed, the card associated with the account was replaced with a Walmart card, for continued utilization purposes. GE Capital was the original creditor on the consumer debt owed by the plaintiff. The account was transferred to Defendant LVNV in 2007. At the time of transfer, the total principal amount owing on plaintiff's account was $4,626.06. Plaintiff cannot remember whether she ever paid off her Montgomery Wards credit card in full.

LVNV placed plaintiff's account with Resurgent Capital Services, LP ("Resurgent"), which manages and services delinquent accounts. Defendant Hosto was an agent of Resurgent, and Hosto sought to collect the debt. Hosto sent plaintiff a collection letter on May 25, 2010, which stated that the letter was an attempt to collect a debt and provided plaintiff notice of her right to request a validation of the debt. It also stated a current balance of $5,563.69. On November 19, 2010, Defendant Hosto filed a collection lawsuit against plaintiff in state court, on behalf of Defendant LVNV. Attached to the Civil Warrant filed against plaintiff in the underlying State Court collection lawsuit was an affidavit of sworn account, styled "Plaintiff's Affidavit of Indebtedness and Ownership of Account."

The warrant sought a money judgment in the amount of "$6,616.66, plus the cost of this cause by reason of a suit filed on a sworn account, Plaintiff, LVNV FUNDING LLC, assignee of GE CAPITAL, original creditor, owner of Account No. 6032207230543977, with the principle [sic] balance of $<u>4,626.06</u> accrued prejudgment interest in the amount of $<u>1,065.39</u>, accruing until the date of judgment at the contract rate of interest which is <u>6</u>% per annum, reasonable attorney's fees in the amount of $925.21, all of which shall bear post-judgment interest at the rate of ten (10%) percent per annum beginning from the date of judgment." [Doc. 109-2, pg. 1]. The affidavit stated that as of the date of assignment, the plaintiff owed "$4,626.06 plus any additional accrued interest." [Doc. 109-2, pg. 2]. On January 16, 2011, the plaintiff filed a

2

sworn denial which stated she had not entered into any agreement with LVNV for the repayment of debt or otherwise and did not believe that she owed any money to LVNV.

On February 28, 2011, Hosto sent a letter to plaintiff's counsel, and it stated the current balance was $5,912.36. [Doc. 146-1, pg. 1]. On March 9, 2011, the state suit was non-suited. [Doc. 13, ¶ 39]. On May 6, 2011, Hosto sent plaintiff's counsel another letter, and it stated that the current balance was $5,963.31. [Doc. 146-2, pg. 1] The plaintiff filed this federal action in this Court on November 18, 2011, [Doc. 1], and amended the Complaint on January 10, 2012.

The plaintiff alleges that the defendants violated several provisions of the FDCPA by:

> (1) using any false, deceptive, or misleading misrepresentation or means in connection with the collection of any debt, 15 U.S.C. § 1692e;
>
> (2) falsely representing the "character, amount, or legal status" of the debts, 15 U.S.C. § 1692e(2)(A);
>
> (3) threatening to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5);
>
> (4) communicating to any person credit information which is known or which should be known to be false, 15 U.S.C. § 1692e(8);
>
> (5) using a false representation or deceptive means in an attempt to collect the debts, 15 U.S.C. § 1692e(10);
>
> (6) using unfair or unconscionable means to collect or attempt to collect a debt, 15 U.S.C. § 1692f; and
>
> (7) collection of any amount (including interest, fees, etc.) unless such amount was expressly authorized by the agreement creating the debt or is permitted by law, 15 U.S.C. § 1692f(1).

Plaintiff also asserts that LVNV is liable for the acts and omissions of Hosto and Hawkins under the theory of *respondeat superior*.

On March 10, 2014, this Court filed a Memorandum Opinion and Order, [Doc. 139], granting LVNV and Hawkins's Motion for Summary Judgment, [Doc. 99], on all claims. The Court also put the plaintiff on notice that it intended to *sua sponte* grant summary judgment in favor of Hosto and gave the plaintiff a deadline for filing a brief on the matter. On the same day, Defendant Hosto moved for leave to file a Summary Judgment Motion, [Doc. 140], which incorporated all arguments advanced by the defendants in Doc. 99. This Court granted that motion. [Docs. 141 and 142].

The plaintiff filed a Response to Hosto's motion on March 26, 2014, [Doc. 146]. In plaintiff's Response, she stated that the motion "fail[s] to address additional claims made in Plaintiff's Complaint," [Doc. 146, pg. 2], specifically regarding collection amounts. The plaintiff spends much time discussing *Robinson v. Sherman Financial Group, LLC*, No. 2:12-CV-30, 2013 WL 3968446 (E.D. Tenn. July 31, 2013) (Collier, J.). The plaintiff again stresses that the different amounts between the warrant and affidavit show that one was misleading, deceptive or false; that attorney's fees and contract interest may not be recovered without a produced contract allowing such collection; and that LVNV is vicariously liable to the plaintiff for Hosto's actions. [Doc. 146, generally]. The plaintiff does not clearly argue that the specific interest rates listed in the warrant and affidavit were misleading, deceptive or false. To be sure, however, the plaintiff does rely on cases which addressed differing interest rates, and she points out in the "Facts" section of the brief that interest rates on several documents in the record vary. In addition, plaintiff does not argue that the interest rates listed are not allowed by Tennessee law despite those specific contentions in her Complaint. Instead, the plaintiff again focuses mainly on the fact that the amounts vary between the warrant and affidavit and that the defendants have

4

not produced the actual contract that states interest and attorney's fees are allowed to be collected per the agreement.[2]

This Court admits that it has been difficult to discern the actual claims and arguments put forth by the plaintiff. Perhaps due to the difficulty in understanding the Complaint and plaintiff's filings, defendants' filings have likewise not been a model of clarity. Considering the entire record and the specifics listed above, this Court will address the following issues:

1. Whether all defendants violated various sections of the FDCPA due to the warrant and affidavit listing "inconsistent" amounts (addressed briefly in prior opinion)?;

2. Whether all defendants violated various sections of the FDCPA because the warrant and affidavit requested interest and attorney's fees and the defendants have allegedly failed to produce a contract allowing for such collection (addressed briefly in prior opinion)?;

3. Whether all defendants violated various sections of the FDCPA because the specific interest rates stated in the warrant, affidavit, and other filings in the case were different (not specifically raised by plaintiff in prior summary judgment motion filings)?;

4. Whether all defendants violated various sections of the FDCPA because the interest rates listed in the warrant and affidavit were for rates not allowed by Tennessee law (not specifically raised by plaintiff in prior summary judgment motion filings)?; and

5. Whether there is an issue of fact regarding vicarious liability (not specifically raised by plaintiff in prior summary judgment motion filings)?[3]

---

[2] These arguments are nearly identical to those made in *Lorinda Smith v. LVNV, et al.*, No. 2:11-CV-379. Moreover, the allegations in the Amended Complaint and the arguments against the granting of the other defendants' summary judgment motion were almost identical. The Court issued a Memorandum Opinion and Order in that case on August 1, 2014. Because of the similarities, this Court will refer to that Memorandum Opinion since it went into great detail.

[3] The plaintiff alleges issues three, four and five in her Amended Complaint. However, she does not assert them in her Response. Technically, these three issues are waived because of the failure to address them in the Response and, thus, the failure to carry the burden to show there is a genuine issue for trial. However, because these issues are closely related to issues one and two, the Court will address them in further detail.

5

The Court will discuss each issue in turn after setting forth the standard of review and addressing a procedural argument regarding the filing of this motion for summary judgment.

## II. STANDARD OF REVEW

The summary judgment standard is well settled. Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McClain v. Ontario, Ltd.*, 244 F.3d 797, 800 (6th Cir. 2000). This Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the non-moving party fails to make a

---

The Amended Complaint also alleges two other claims. First, the plaintiff claims that the "principal had not been correctly reduced due to misapplication of payments to the balance owed as a result of the addition of interest at a rate greater than allowed under Tennessee law for unwritten contracts." [Doc. 13, ¶¶ 44, 81 and 83]. Second, the plaintiff alleges that the defendant communicated credit information which it knew or should have known to be false in violation of section 1692e(8). [Doc. 13, ¶¶ 54 and 84]. Aside from the mere mention of this second allegation in a conclusory fashion in the Response, these issues are not developed at all. Therefore, the plaintiff has failed miserably to show that there is a genuine issue for trial, and the Court will not address them further.

6

sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If this Court concludes that a fair-minded jury could not return a verdict in favor of the non-moving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

The party opposing a Rule 56 motion may not simply rest on the mere allegations or denials contained in the party's pleadings. *Anderson*, 477 U.S. at 256. Instead, an opposing party must affirmatively present competent evidence sufficient to establish a genuine issue of material fact necessitating the trial of that issue. *Id.* Merely alleging that a factual dispute exists cannot defeat a properly supported motion for summary judgment. *Id.* A genuine issue for trial is not established by evidence that is "merely colorable," or by factual disputes that are irrelevant or unnecessary. *Id.* at 248-52.

The FDCPA was passed to eliminate "abusive, deceptive, and unfair debt collection practices." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting 15 U.S.C. § 1692(a)). The Sixth Circuit has noted that the act is "extraordinarily broad" and must be enforced as written, even when eminently sensible exceptions are proposed in the face of an innocent and/or *de minimis* violation. *See Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992). While § 1692e lists a number of examples of false or misleading representations, the text of the statute itself indicates that the examples are not meant to limit its prohibition on the use of false, deceptive or misleading representations in connection with the collection of a debt. 15 U.S.C. § 1692e. Likewise, § 1692f contains the same language, making clear that the examples set forth therein do not "limit[ ] the general application" of its prohibition on the use of unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f. The Seventh

7

Circuit recently observed that the phrase "unfair or unconscionable" used in § 1692f "is as vague as they come." *Beler v. Blatt, Hasenmiller, Leibsker & Moore*, 480 F.3d 470, 474 (7th Cir. 2007).

In assessing whether particular conduct violates the FDCPA, courts apply "the least sophisticated consumer" test to objectively determine whether that consumer would be misled. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006); *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1029 (6th Cir. 1992). The least sophisticated consumer test is designed "to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 438 (6th Cir. 2008) (quotations and citation omitted). In addition, "false but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under §§ 1692e or 1692f." *Clark v. Lender Processing Svs.*, -- Fed. Appx. --, 2014 WL 1408891, at *6 (6th Cir. Ap. 14, 2014) (citing *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010)).

The issues below are addressed applying this standard. This is an objective test that asks whether there is a reasonable likelihood that an unsophisticated consumer who is willing to consider carefully the contents of a communication might yet be misled by them. *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 172 (6th Cir. 2011). The least sophisticated consumer "can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Colomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).

### III. ANALYSIS

    **A. Whether the instant motion was properly filed?**

8

The plaintiff first argues that Hosto's motion is deficient as a matter of law because it improperly adopts and incorporates LVNV and Hawkins's arguments in a way not "contemplate[d]" by Rule 10(c), [Doc. 146, pgs. 1-2]. This Court finds this argument is without merit. This Court recognizes that there are times arguments can be improperly incorporated by reference. However, in this Court's discretion and because of the similar procedural posture of related cases of which both sides' counsel are well aware due to their involvement, it finds that this is not one of them.

**B. Whether all defendants violated various sections of the FDCPA due to the warrant and affidavit listing "inconsistent" amounts?**

This Court addressed this argument previously in its March 10, 2014 Memorandum Opinion and Order, [Doc. 139]. This Court concluded that the amounts were not inconsistent, and thus, there was no genuine issue of material fact as to whether the alleged inconsistencies violated 1692e, 1692f and various other subsections. *White v. Sherman Financial Group, LLC*, -- F. Supp. 2d --, 2013 WL 5936679, at *6 (E.D. Tenn. Nov. 4, 2013) (Varlan, C.J.).[4] As stated above, the principal amounts in the warrant and affidavit are the same. Thus, they are not inconsistent. The affidavit merely states the principal amount "plus any additional accrued interest." The warrant states specific rates for pre-and-post judgment interest. However, these rates are not inconsistent with the affidavit because it does not list specific amounts. It merely

---

[4] In this Memorandum Opinion and Order, this Court has relied on several cases. These cases are summarized in the Memorandum Opinion and Order filed on August 1, 2014, in *Lorinda Smith v. LVNV, et al.*, 2:11-CV-379. *See also Clark v. Main Street Acquisition Corp.*, No. 13-3763, -- Fed. Appx. --, 2014 WL 274469 (6th Cir. Jan. 17, 2014); *Murr v. Tarpon Financial Corporation*, No. 3:10-CV-372, 2014 WL 546690 (E.D. Tenn. Feb. 10, 2014) (Collier, J.); *White v. Sherman Financial Group, LLC*, -- F. Supp. 2d --, 2013 WL 5936679, at *1 (E.D. Tenn. Nov. 4, 2013) (Varlan, C.J.); *Robinson v. Sherman Financial Group*, -- F. Supp. 2d --, 2013 WL 3968446, at *1 (E.D. Tenn. July 31, 2013) (Collier, J.); *Lilly v. RAB Performance Recoveries, LLC*, No. 2:12-CV-364, 2013 WL 3834008, at *1 (E.D. Tenn. Jul. 23, 2013) (Varlan, C.J.); *Smith v. Accounts Research, Inc.*, No. 3:10-CV-213, 2012 WL 289835, at *1 (E.D. Tenn. Jan. 31, 2012) (Varlan, C.J.); *Stonecypher v. Finkelstein Kern Steinberg & Cunningham*, No. 2:11-CV-13, 2011 WL 3489685, at *1 (E.D. Tenn. Aug. 9, 2011) (Mattice, J.).

In addition, the Court addressed almost identical arguments in that case. See that Memorandum Opinion and Order for further detailed discussion of these arguments.

states that additional interest will accrue. As for attorney's fees and costs, it is true that the affidavit does not state those are due and owing. It does not state as such because they have not yet accrued. Thus, there is no inconsistency regarding attorney's fees and costs.

Moreover, for the reasons set out below, the agreement allows collection of attorney's fees, and state law allows collection of costs. *See* Tenn. Code Ann. § 20-12-101 (2010)[5] (allowing for the collection of costs); Tenn. R. Civ. P. 54.04(1) (same); *see also Clark*, 2014 WL 274469, at *3; *White*, 2013 WL 5936679, at *6. Just because the warrant lists these and the affidavit does not, does not make them inconsistent when they are amounts that can legally be collected. The least sophisticated consumer would not find this false or misleading. This conclusion is the same conclusion reached by Judge Varlan in *White*, 2013 WL 5936679 at *6. Again, this Court finds no issue of fact for the alleged violations of 1692e, 1692f and the various subsections thereunder.

**C. Whether all defendants violated various sections of the FDCPA because the warrant and affidavit requested interest and attorney's fees and the defendants have allegedly failed to produce a contract allowing for such collection?**

The Court also addressed this argument in its prior Memorandum Opinion and Order but will elaborate on its reasoning here. The Court found the reasoning in *White* persuasive. *Id*. There, Judge Varlan found "plaintiff's argument that defendant failed to show evidence of an agreement permitting the 10% interest rate unavailing in light of the statute which provides for this rate." *Id*. It is undisputed that Tennessee law allows for the collection of pre- and post-judgment interest. *See* Tenn. Code Ann. § 47-14-121, -123 (2010). Thus, the contract need not be produced stating that interest may be collected since Tennessee law specifically allows for such collection. *See Clark*, 2014 WL 274469, at *3-4; *White*, 2013 WL 5936679, at *6.

---

[5] The Court will use the 2010 version of the Tennessee Code throughout this Opinion because the civil warrant and affidavit were filed in 2010.

10

Furthermore, Tennessee adheres to the "American rule" for award of attorney fees. *John Kohl & Co. v. Dearborn & Ewing*, 977 S.W.2d 528, 534 (Tenn. 1998); *Pullman Standard, Inc. v. Abex Corp.*, 693 S.W.2d 336, 338 (Tenn. 1985). This rule states that a party in a civil action may recover attorney's fees only if: (1) a contractual or statutory provision creates a right to recover attorney fees; or (2) some other recognized exception to the American rule applies, allowing for recovery of such fees in a particular case. *Taylor*, 158 S.W.3d at 359; *John Kohl*, 977 S.W.2d at 534.

Here, the plaintiff contends that the defendants have failed to produce a contract that allows for the collection of attorney's fees. However, it is the plaintiff's burden to come forth with evidence to show that there is a genuine issue of material fact for trial regarding whether the contract allowed for attorney's fees.[6] The plaintiff may not simply rest on mere allegations or denials contained in her pleadings. *Anderson*, 477 U.S. at 256. Instead, she must affirmatively present competent evidence sufficient to establish a genuine issue of material fact necessitating the trial of that issue. *Id.* A genuine issue for trial is not established by evidence that is "merely colorable." *Id.* at 248-52. She has produced no evidence; she merely argues that there is an issue of fact because defendants cannot produce a contract. The defendants produced a form contract and other account documentation, [Doc. 148-1], and she failed to present evidence to show an issue regarding the contract's authenticity. Counsel's argument is not evidence. There is no

---

[6] In reality, it appears that plaintiff attempts to shift the burden of proof on this issue. Plaintiff has the burden of establishing, as an element of her case, that a contract exists or that the contract does not provide for the interest or attorney's fees claimed. It is not the defendants' burden to show the contrary. Plaintiff has admitted, in deposition testimony, as noted above, that she opened the Montgomery Wards credit card account, and she has filed no affidavit or other proof to establish a genuine issue of fact on the terms of that contract. So far as the Court can tell, plaintiff did not submit a request for document production or interrogatory to defendant nor any request for admission which the Court can rely on to decide this issue. Although counsel for plaintiff asserts in his memorandum that he requested a copy of the contract, he says none was produced. No motion to compel was ever filed. Plaintiff simply hopes to get before a jury on conclusory and speculative allegations without providing evidence. She is not permitted to do so.

11

evidence from the plaintiff that she did not agree to pay attorney's fees in case of a default. *See Clark*, 2014 WL 274469, at *4.

Based on the reasons above, this Court finds that there is no genuine issue of material fact as to whether defendants violated various sections of the FDCPA because the warrant and affidavit requested interest and attorney's fees, even though the defendants have allegedly failed to produce a contract allowing for such collection. *See Clark*, 2014 WL 274469, at *3-4; *White*, 2013 WL 5936679, at *6; *see also Murr*, 2014 WL 546690, at *9-13.

**D. Whether all defendants violated various sections of the FDCPA because the specific interest rates stated in the warrant, affidavit, and other filings in the case were different?**

For the first time, the plaintiff specifically argues that the warrant and affidavit violate the FDCPA because the interest rates stated in these documents differ from each other **and** from other evidence in the record.[7] The plaintiff never mentions the collection letters' amounts,[8] the interest rates of the billing statements, or the account event history interest rate as a basis for an issue of fact as to why the interest rates listed in the warrant and affidavit are misleading in any of the previous filings. The plaintiff did, however, refer to *Robinson* in earlier filings. Nonetheless, in this Court's opinion, Document 146 contains the first direct argument that the warrant and affidavit are misleading, deceptive or false because different interest rates were listed on other documentation received by the plaintiff. Even so, the argument is not nearly as clear as it could be because it merely mentions the other documents' rates in the "Facts" section, but still argues the violations of the FDCPA are because of the differences between the warrant and the affidavit. As stated above, this Court finds that the warrant and affidavit do not list

---

[7] The plaintiff neither alleges in the Amended Complaint nor argues now that this other evidence of record violates the FDCPA. The allegations and arguments only assert that the warrant and affidavit are misleading, deceptive or false and, thus, violate the FDCPA sections cited.

[8] The plaintiff does not attempt to calculate the interest rate applied to the principal in these letters. She merely notes the specific amounts and that they increase.

different interest rates. The affidavit does not list a specific interest rate at all. Therefore, the interest rates are not misleading. As a precaution, however, the Court will address whether the interest rates are misleading when considering other documents of record.

It is true that the collection letters list increasing amounts for the "current balance."[9] It is also true that the account event history lists an interest rate of 20 percent, that the January 8, 2007 billing statement lists an interest rate ranging from 24.99 percent, that the warrant lists prejudgment interest of 6 percent and postjudgment interest of 10 percent, and that the affidavit does not specify the exact rate of interest. Furthermore, Judge Collier found in *Robinson* that there was an issue of fact as to what interest rate applied when documents in the record listed different rates. 2013 WL 3968446, at *6-7; *see also Stonecypher*, 2011 WL 3489685, at *6.

First, there is no issue of fact regarding the statement in the affidavit. It states that as of the date of assignment, the plaintiff owed "$4,626.06 plus any additional accrued interest." [Doc. 109-2, pg. 2]. It does not list a specific amount of interest. Thus, the least sophisticated consumer would not be misled by a request for an unspecified amount of interest even considering the varying rates in other documents. By stating "accrued interest," the affidavit was not inconsistent with any of the other documents in the record. Therefore, it is not false or misleading and does not violate the various sections of the FDCPA.

---

[9] The defendant takes issue with the letters. First, the defendant argues that the May 25, 2010 letter predates the filing of the FDCPA Complaint by more than one year and cannot form the basis of an actionable claim because of the statute of limitations. The defendant is correct in that it could not form the basis of a claim because it is outside the statute of limitations. *See* 15 U.S.C. § 1692k(d). However, as previously stated, the plaintiff does not claim that the letter itself violates the Act; the plaintiff apparently is attempting to use it as evidence to show that there is an issue of fact whether the interest rates listed in the warrant and affidavit are false or misleading.
    Second, the other two letters were not mailed to the plaintiff, but they were, instead, mailed to the plaintiff's attorney. "Whether communications to a debtor's attorney are within the scope of the FDCPA has not been determined by the Sixth Circuit, and the Circuit Courts that have examined the issue are split." *See Barany–Snyder v. Weiner*, 539 F.3d 327, 333 n.2 (6th Cir. 2008). This Court need not decide that issue for the reason stated above; the plaintiff does not claim that these particular letters were a violation of the Act. The plaintiff is attempting to use the letter as evidence as to why the warrant and affidavit violate the Act.

13

Case 2:11-cv-00356-JRG-DHI   Document 149   Filed 09/09/14   Page 13 of 15   PageID #: 1297

Second, regarding the warrant, this Court agrees with Judge Collier in *Robinson*; there seems to be an issue of fact as to what interest rate applied. However, this Court respectfully disagrees with Judge Collier's holding that the statements are material. A statement cannot "mislead," within the meaning of the FDCPA, unless it is material, so a false but non-material statement is not actionable. *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588 (6th Cir. 2009). Here, the plaintiff only alleges and argues that the warrant's statement of the specific interest rates are misleading or false. The warrant lists the least amount of interest sought to be collected of all the documents. The plaintiff does not argue that the interest rates listed in the warrant are higher than those allowed by the contract governing the account. Therefore, the fact that the warrant seeks to collect a lesser amount of interest is not material as to whether the least sophisticated consumer would pay the debt. As such, it is not false, deceptive or misleading. Accordingly, defendants are entitled to summary judgment on this issue as there is no violation of any of the FDCPA sections.

**E. Whether all defendants violated various sections of the FDCPA because the interest rates listed in the warrant and affidavit were for rates not allowed by Tennessee law?**

The plaintiff makes this allegation in her Amended Complaint, but she never raises the issue in opposition to the defendants' summary judgment motion as to all claims. She fails to cite any law to support her conclusory allegation. She does not present any evidence that the rates requested are contrary to Tennessee law. As such, the Court need not address the argument, and summary judgment on this issue is proper. Nevertheless, the Court refers to its Memorandum Opinion and Order in *Lorinda Smith v. LVNV, et al.*, 2:11-CV-379 which fully discusses this issue.

**F. Whether there is an issue of fact regarding vicarious liability?**

Even though this Court has concluded that there is no genuine issue of material fact for trial, this Court will still decide the vicarious liability issue since plaintiff addressed the issue in her Response, [Doc. 146, pgs. 12-14]. This Court finds the reasoning and the cases cited in *White* persuasive. 2013 WL 5936679, at *10-11. It appears to be undisputed that LVNV hired Resurgent and Hosto to carry out debt collection efforts. In addition, Hawkins was an "Authorized Representative for LVNV." [Doc. 109-2, pg. 2]. Therefore, for the reasons stated in *White*, this Court concludes that LVNV may be held liable for any of Hosto's or Hawkins's FDCPA violations. As stated above, however, there are no violations, so this issue is actually moot.

## IV. CONCLUSION

For the reasons set forth above, this Memorandum Opinion confirms and elaborates upon this Court's earlier Memorandum Opinion and Order deciding Defendant LVNV and Hawkins's Motion for Summary Judgment, [Doc. 99]. In addition, for the reasons stated above, Defendant Hosto's Motion for Summary Judgment, [Doc. 143], is GRANTED. Finally, this Memorandum Opinion and Order renders plaintiff's Objection, [Doc. 135], to the magistrate judge's Order, [Doc. 131], MOOT.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE
